UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CONSTANTINO CUARA R., <br><br> Plaintiff, <br><br> v. <br><br> JESSICA RENIA CUARA, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING THE FILING OF AN AMENDED COMPLAINT** <br><br><br> Case No. 2:23-cv-00610 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Constantino Cuara R., proceeding *in forma pauperis* (without paying the filing fee) and without an attorney, filed this action against various individuals and entities.[1] Because the complaint is deficient as set forth below, the court permits Mr. Cuara R. to file an amended complaint to correct these deficiencies by **October 2, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

---

[1] (*See* Compl., Doc. No. 5.) The named defendants are Jessica Renia Cuara, Judge Robert Faust, Terri Williams, O'Reilly Auto Parts, Big O Tires, Inc., Goodycar Corporate, U.S. Tire Manufacturers Association, Tire and Rubber Association of Canada, Les Schwab Tire Centers, C8JZ Properties, LLC, and Michelin North American. (*Id.* at 1.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

Federal Rules of Civil Procedure.³ To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."⁴ The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.⁵ But the court need not accept the plaintiff's conclusory allegations as true.⁶ "[A] plaintiff must offer specific factual allegations to support each claim."⁷ As a court with limited jurisdiction, this court also has an "independent obligation to confirm that [its] jurisdiction is proper,"⁸ "even in the absence of a challenge from any party."⁹

Because Mr. Cuara R. proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."¹⁰ Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."¹¹ For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a

---

³ *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

⁴ *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

⁵ *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

⁶ *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

⁷ *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

⁸ *Margheim v. Buljko*, 855 F.3d 1077, 1083 (10th Cir. 2017).

⁹ *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

¹⁰ *Hall*, 935 F.2d at 1110.

¹¹ *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

recognized legal claim could be based."[12] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[13] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## ANALYSIS

Mr. Cuara R.'s complaint lacks coherent factual allegations and fails to state a plausible claim for relief. The complaint alleges Mr. Cuara R. is the "husband of Jessica R. Cuara."[15] Beyond conclusory allegations of "adultery," the complaint contains no other factual allegations against Jessica Cuara.[16] The complaint fails to allege any actions or omissions by the other named defendants and contains no factual development as to them. Mr. Cuara R. attached what appears to be an investment account statement as an exhibit to his complaint,[17] but this fails to elucidate his claims; it is unclear what claims or allegations this document relates to.

---

[12] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[13] *Hall*, 935 F.2d at 1110.

[14] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[15] (Compl., Doc. No. 5 at 3–4.)

[16] (*Id.*)

[17] (Ex. 1 to Compl., Doc. No. 5-1.)

Mr. Cuara R. checked boxes on the pro se complaint form indicating he is bringing the case under 42 U.S.C. §§ 1983 and 1985,[18] but his incoherent allegations fail to state a claim under either statute. He fails to allege a "deprivation of a federal right by . . . a person acting under color of state law" as required to state a claim under section 1983.[19] And he fails to allege any conspiracy to interfere with civil rights under section 1985.[20] The complaint also makes conclusory references to numerous other state and federal statutes but fails to offer any factual allegations in support.[21] Merely listing statutes without accompanying allegations is insufficient to state a claim.[22]

Further, to the extent Mr. Cuara alleges state-law claims against Jessica Cuara, he has not shown the court has original jurisdiction over such claims. As it stands, Mr. Cuara's complaint does not adequately allege diversity jurisdiction as required by 28 U.S.C. § 1332. For the court to have diversity jurisdiction, the amount in controversy must exceed $75,000[23] and the parties

---

[18] (Compl., Doc. No. 5 at 1.)

[19] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[20] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[21] (*See* Compl., Doc. No. 5 at 3–4.)

[22] *See Kan. Penn Gaming, LLC*, 656 F.3d at 1214 ("[A] plaintiff must offer specific factual allegations to support each claim.").

[23] *See* 28 U.S.C. § 1332(a).

must be completely diverse.[24] Where Mr. Cuara's damages are "unspecified"[25] and he has not made any allegations as to diversity of citizenship, he fails to allege facts sufficient to establish diversity jurisdiction. Additionally, in the event diversity jurisdiction cannot be established, "[d]istrict courts do not otherwise have jurisdiction to hear [] state law claims but for their intertwinement with claims over which they have original jurisdiction."[26] This means Mr. Cuara would need to establish supplemental jurisdiction under 28 U.S.C. § 1367(a) in order for this court to have jurisdiction to assess any of the state-law claims asserted in his complaint.

Because Mr. Cuara R.'s complaint fails to state a plausible claim for relief and fails to show this court has original jurisdiction for any state-law claims he may be asserting, it is subject to dismissal.[27] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[28] Accordingly, Mr. Cuara R. will be given an opportunity to amend his complaint.

---

[24] *See id.*; *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008) (stating diversity requires "the citizenship of all defendants must be different from the citizenship of all plaintiffs").

[25] (Compl., Doc. No. 5 at 6.)

[26] *Red Rock Healthcare, Inc. v. Rowland*, No. 4:21-cv-00064, 2022 U.S. Dist. LEXIS 157873, at *2 n.5 (D. Utah Aug. 30, 2022) (unpublished) (quoting *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004)).

[27] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[28] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

## CONCLUSION

The court ORDERS as follows:

1. Mr. Cuara R. may file an amended complaint by **October 2, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Cuara R. is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[29]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's September 6, 2023 order[30] remains in place.

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 11th day of September, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[29] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[30] (Doc. No. 4.)