# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **CONSTANTINO CUARA R.,**  Plaintiff,  v.  **JESSICA RENIA CUARA, et al.,**  Defendants. | REPORT AND RECOMMENDATION  Case No. 2:23-cv-00610-RJS-JCB  Chief District Judge Robert J. Shelby  Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Constantino Cuara R.'s ("Mr. Cuara") complaint.[2] Mr. Cuara has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] For the reasons explained below, the court recommends that this case be dismissed with prejudice under the authority of the IFP Statute.

At the outset, the court explains the applicable standards for reviewing a complaint under the IFP Statute. Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[4] In determining

---

[1] ECF No. 7.

[2] ECF No. 5.

[3] ECF No. 4.

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[5] Under that standard, the court "accept[s] as true the well pleaded factual allegations [in the complaint] and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[6] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[7]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[8] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[11] Indeed, the twin purposes of a complaint are to give

---

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Kay*, 500 F.3d at 1218 (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[8] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[10] *Id*.

[11] *Twombly*, 550 U.S. at 555.

the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[12]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[13] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[14]

Employing those standards, Magistrate Judge Daphne A. Oberg—to whom this case was originally assigned—entered a Memorandum Decision and Order in which she reviewed the sufficiency of Mr. Cuara's complaint.[15] Judge Oberg concluded that Mr. Cuara's complaint fails to state claims upon which relief can be granted. However, Judge Oberg provided Mr. Cuara with an opportunity to amend his complaint by a date certain and warned Mr. Cuara that his failure to timely file an amended complaint may result in dismissal of this case. Mr. Cuara failed to timely file an amended complaint.

Based upon those facts, this case should be dismissed with prejudice under the authority of the IFP Statute. Judge Oberg's sound analysis in her Memorandum Decision and Order—which is incorporated herein by reference—clearly demonstrates that Mr. Cuara's complaint fails

---

[12] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[13] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("[T]he district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim.").

[14] *Kay,* 500 F.3d at 1217 (quoting *Curley,* 246 F.3d at 1281).

[15] ECF No. 6.

to state claims upon which relief can be granted, and, therefore, this case should be dismissed under the authority of the IFP Statute. Further, Judge Oberg specifically warned Mr. Cuara that his failure to timely file an amended complaint could result in dismissal of this case. Under those circumstances, this case should be dismissed with prejudice.

### RECOMMENDATION

For the reasons set forth above, the court HEREBY RECOMMENDS that this case be DISMISSED WITH PREJUDICE under the authority of the IFP Statute.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[16] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[17] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 24th day of June 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[16] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[17] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).